UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT BARRAZA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendant. | No. 2:17-cv-0682 CKD<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge.

      Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his complaint plaintiff alleges that John Doe, a correctional officer at California State Prison-Sacramento "deliberately and indifferently failed to protect plaintiff from an assault by another inmate identified as Roberson, who was the subject of a keep separate order." ECF No. 1 at 7. This assault occurred on March 19, 2015 while plaintiff and inmate Roberson were on an escort chain together. Id. at 9. As a result of the assault, plaintiff sustained injuries to his back and neck that caused excruciating pain. Id.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Farmer, 511 U.S. at 833.

An Eighth Amendment failure to protect claim has two elements: (1) the condition complained of must be shown to present a substantial risk of serious harm, and (2) the defendant(s) must be shown to have possessed a sufficiently culpable state of mind. Id. at 834. The requisite state of mind "is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff's complaint states a cognizable claim for relief under the Eighth Amendment. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on

the merits of this action.

However, the complaint suffers from a more fundamental defect. Plaintiff fails to identify any named defendant responsible for his assault on March 19, 2015. The correctional officer who allegedly failed to protect plaintiff has been sued as a John Doe defendant. The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes it is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. See Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999) (rev'g and remanding for further proceedings where § 1983 plaintiff sued only a Doe defendant and complaint was dismissed with prejudice). However using a Doe defendant designation for the only defendant in this action creates its own problem. There is simply no named defendant which can be served with the complaint. For this reason, the court will dismiss the complaint but grant plaintiff leave to file an amended complaint so that he may provide the true name of the defendant identified in the complaint as "John Doe." Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of the John Doe defendant and provide that information to the court in his amended complaint.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

3

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 6, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/barr0682.14.docx