# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT BARRAZA, | No. 2:17-cv-00682 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| DRAKE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendant Drake's motion for summary judgment as well as plaintiff's motion to stay consideration of the motion in light of his request to file for late discovery. See ECF Nos. 22, 25, 26. Defendant has filed an opposition and plaintiff has filed a reply. See ECF Nos. 27, 28. For the reasons outlined below, plaintiff's motions to stay proceedings and to file late discovery are denied. Plaintiff will be granted an extension of time in which to file an opposition to the motion for summary judgment.

**I.      Factual and Procedural History**

This case is proceeding on an Eighth Amendment failure to protect claim against defendant Drake as alleged in plaintiff's first amended complaint filed on July 5, 2017. Plaintiff alleges that defendant Drake disregarded a "keep separate order" for plaintiff and another inmate

1

resulting in plaintiff's assault on March 19, 2015 while on an escort chain at California State Prison-Sacramento. ECF No. 11 at 8-9. Plaintiff suffered neck injuries as a result of this assault. Id. at 9.

A discovery and scheduling order was issued in this case on June 5, 2018 after defendants filed their answer. ECF No. 19. The parties were given until September 21, 2018 to conduct discovery and to file any necessary motions to compel. Id. All pretrial motions were due by December 14, 2018. Id.

Defendant filed a motion for summary judgment on December 13, 2018 asserting that there is no evidence that defendant Drake: 1) knew about the keep separate order; 2) was responsible for placing plaintiff on the escort chain on March 19, 2015; or, 3) that he could have done anything to prevent plaintiff's assault on that date. ECF No. 22. Defendant also contends that he is entitled to qualified immunity. Id. at 7-8.

On January 7, 2019, plaintiff filed a motion to stay consideration of the pending summary judgment motion because he "was prevented from requesting necessary discovery in order to counter" the motion since defendant filed it a day before the dispositive motions deadline. ECF No. 25. On the same day, plaintiff filed a motion to file for late discovery pursuant to Rule 56 of the Federal Rules of Civil Procedure as well as Local Rule 260(b).[1] ECF No. 26. Plaintiff claims that he was completely taken by surprise by defendant Drake's statement in support of summary judgment that he does "not recall being part of any group escort in March 2015 involving inmate Barraza and inmate Roberson." ECF No. 22-4 at 2 (Declaration of C. Drake). "Up to this point, plaintiff believed it was well settled that the defendant was present during his assault based on the defendant's admissions in his answer." ECF No. 26 at 1. As a result of this "new" development plaintiff requests additional time to serve a request for production of documents on defendant for: 1) all reports written by correctional staff regarding his March 19, 2015 assault; 2) "a record of where Defendant Drake was positioned…; and, 3) log records of any escort conducted by

---

[1] This Rule provides that "[i]f a need for discovery is asserted as a basis for denial of the motion [for summary judgment], the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

2

Defendant Drake on March 19, 2015." ECF No. 26 at 5.

In his opposition, defendant contends that plaintiff's motion for late discovery is procedurally defective and should be denied because plaintiff failed to diligently seek discovery. ECF No. 27.

**II.     Legal Standards**

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, a party opposing a motion for summary judgment may request an order deferring the time to respond in order to permit that party to conduct additional discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). An affidavit in support of such a request must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). On such a showing, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)).

3

### III. Analysis

Plaintiff's basis for requesting additional time to conduct discovery is centered around his surprise in learning that defendant Drake did not participate in plaintiff's escort on March 19, 2015. However, this argument is not supported by the procedural history of this case. Plaintiff was aware of the problems associated with his failure to properly identify a defendant in this action since the court's original screening order of June 6, 2017. See ECF No. 8 (stating that "[p]laintiff fails to identify any named defendant responsible for his assault on March 19, 2015."). As a result of this deficiency, his original complaint was dismissed with leave to amend. Id. Defendant Drake was the only defendant named in plaintiff's first amended complaint. See ECF No. 11. Contrary to plaintiff's assertion, defendant Drake did not admit that he was part of plaintiff's escort chain in his answer. See ECF No. 17 at 2. In fact, he denied being a member of the escort team responsible for taking groups of inmates to the Correctional Treatment Center for group treatment. Id. Therefore, there was no change or "twist" in defendant's legal position between the date he filed his answer and the date he filed his motion for summary judgment. See ECF No. 26 at 2 (stating that "defendant's position that he was not there at all is a twist the plaintiff could not anticipate.").

Plaintiff was afforded ample opportunity to conduct discovery in order to determine defendant Drake's job duties on March 19, 2015. However, plaintiff failed to serve any discovery requests on defendant at any point during the course of this litigation. In an effort to explain this, plaintiff submitted a declaration from his wife indicating that *she* attempted to obtain the crime incident packet directly from C.D.C.R., but was denied the information because it pertained to disciplinary matters of another inmate. ECF No. 26 at 4. However, that does not explain why *plaintiff* failed to utilize any discovery devices to request the same or similar information from defendant. The court also notes that plaintiff's motion was filed over three months after the close of the discovery period. On this record, the undersigned cannot find that plaintiff diligently sought discovery. See Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)).

Moreover, plaintiff has not submitted an affidavit describing the specific facts that further

4

1 | discovery would reveal or how those facts would preclude summary judgment. See Fed. R. Civ.
2 | P. 56(d). Plaintiff requests permission to file a request for production of documents for all
3 | "reports involving the March 19, 2015 incident which will shed light on which correctional
4 | officers were present, whether responding, or primary." ECF No. 26 at 2. However, this does not
5 | sufficiently explain how these reports will defeat defendant Drake's summary judgment motion in
6 | light of his declaration indicating that he searched for and could not locate any reports involving
7 | his use of force during a medical escort on March 19, 2015. See ECF No. 22-4 at 2. The only
8 | particular facts that plaintiff reasonably expects to obtain in further discovery are the names of the
9 | correctional officers who were responsible for placing him on the chain escort on the date of his
10 | assault. However, this information is not expected to create a genuine issue of material fact with
11 | respect to defendant Drake's summary judgment motion. See Tatum v. City and County of San
12 | Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). Therefore, plaintiff has failed to establish that
13 | his late discovery requests should be permitted pursuant to Rule 56(d) of the Federal Rules of
14 | Civil Procedure.

For all of these reasons, plaintiff's motion to file for late discovery is denied. His motion to stay consideration of defendant's summary judgment motion is also denied for the same reasons. However, the court will grant plaintiff an extension of time in which to file an opposition or statement of non-opposition to defendant's summary judgment motion in light of this ruling.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay consideration of defendant's summary judgment motion (ECF No. 25) is denied.
2. Plaintiff's motion to file for late discovery (ECF No. 26) is also denied.
3. Plaintiff is sua sponte granted an extension of time in which to file an opposition or statement of non-opposition to defendant's summary judgment motion. Any opposition or statement of non-opposition shall be filed within 30 days from the date of this order.

/////

Dated: February 26, 2019

                                                                 _/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/barr0682.Rule56Motion.docx