UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT BARRAZA,<br><br>   Plaintiff,<br><br>  v.<br><br>DRAKE,<br><br>   Defendant. | No. 2:17-cv-00682-MCE-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his first amended complaint, plaintiff asserts that defendant Drake violated plaintiff's Eighth Amendment rights by failing to protect him from inmate violence. See ECF No. 11. Currently pending before the court is defendant Drake's motion for summary judgment. ECF No. 22. The motion has been fully briefed by the parties. See ECF Nos. 31-32, 37. For the reasons that follow, the undersigned recommends granting defendant's motion for summary judgment.

**I. Allegations in the Complaint**

In his verified complaint, plaintiff alleges that defendant Drake disregarded a "keep separate order" for plaintiff and another inmate resulting in plaintiff's assault on March 19, 2015

while on an escort chain at California State Prison-Sacramento.[1]  ECF No. 11 at 8-9.  Plaintiff suffered neck injuries as a result of this assault.  Id. at 9.

## II. Motion for Summary Judgment

In his motion for summary judgment defendant Drake asserts that there is no evidence: 1) that he was subjectively aware of the keep separate order; 2) that he was responsible for placing plaintiff on the escort chain on March 19, 2015; or, 3) that he could have done anything to prevent plaintiff's assault on that date.  ECF No. 22.  Defendant also contends that he is entitled to qualified immunity.  Id. at 7-8.

In his opposition, plaintiff asserts that his declaration and the declaration submitted by defendant Drake are "squarely contradictory" thereby creating a genuine issue of material fact "as to whether the defendant was present during the assault, and… whether the defendant had an obligation to be aware of [the] 'no escort' order[] as a part of his job duties."  ECF No. 31 at 2.  Plaintiff's declaration in opposition to summary judgment indicates that the 'no escort' order between he and inmate Roberson was "posted on a white board" after November 14, 2014 and "prior to the second incident."  ECF No. 31 at 5.  Plaintiff further states in his declaration that "[e]ach officer involved in escorting inmates, whether as part of an escort team, or solo, is responsible for making sure they are aware of security risks concerning the inmate, such as the necessity in having to use leg restraints, spit masks, or keep separate from other inmate orders.  These 'special instructions' are posted on a white board."  Id. at 6.  However, plaintiff provides no evidentiary support for this proposition as required by Rule 56(c)(1) of the Federal Rules of Civil Procedure.  While plaintiff's declaration states that defendant Drake was present during plaintiff's assault, he indicates that this defendant was either "part of the escort team, or assisted the escort team."  Id. at ¶ 10.  Plaintiff also included a Statement of Disputed Factual Issues along with his opposition for summary judgment.  ECF No. 32.  However, it fails to cite to any "particular parts of materials in the record" that demonstrate the assertions therein.  See Fed. R.

---

[1] Even though plaintiff's complaint is verified, it may function as a supporting affidavit for purposes of summary judgment only to the extent that it is "based on personal knowledge and set[s] forth specific facts admissible in evidence."  Schroeder, 55 F.3d at 460 (citations omitted).

2

Civ. P. 56(c)(1)(A).

By way of reply, defendants emphasize that plaintiff's opposition does not include any competent evidence or material facts to contradict defendant's undisputed material facts. ECF No. 37 at 1-2.

**III.   Facts**

The following facts are undisputed unless otherwise noted.  At all times relevant to this action plaintiff was a state prisoner confined at CSP-Sac.  Defendant's Statement of Undisputed Facts in Support of Summary Judgment ("DSUF"), at ¶ 1.  In November 2014, plaintiff was involved in an altercation with inmate Roberson during an escort.  DSUF at ¶ 2.  As a result of that altercation, a note was made on a white board in plaintiff's housing unit that he was not supposed to be escorted with inmate Roberson.  DSUF at ¶ 3.  Following this incident, plaintiff was also ordered to wear leg restraints while being transported.  ECF No. 11 at 8; ECF No. 31 at 5.

On March 19, 2015, plaintiff was placed on an escort chain with inmate Roberson.  DSUF at ¶ 8.  During the March 19, 2015 escort, inmate Roberson attacked plaintiff.  DSUF at ¶ 9.  Plaintiff's neck and back were injured as a result of the attack by inmate Roberson and the resulting use of force by correctional officers who responded to the scene.  ECF No. 11 at 9.

Plaintiff does not remember who placed him on the escort chain on March 19, 2015.  DSUF at ¶ 10.  The only reason plaintiff named defendant Drake in his complaint is because that is the only officer's name that he could remember.  DSUF at ¶ 11.  In March 2015, defendant Drake was assigned as a Health Care Access escort officer at CSP-Sac which provided two-on-one escorts to a single inmate at a time.  ECF No. 22-4 at 1-2 (Declaration of C. Drake).  Plaintiff does not know if defendant Drake had any input into deciding to escort plaintiff with inmate Roberson on March 19, 2015.  DSUF at ¶ 12.

Plaintiff does not know when the notation was written on the white board indicating that he should not be escorted with Roberson.  DSUF at ¶ 4.  Plaintiff does not know if defendant Drake ever saw the notation on the white board or if he discussed the November 2014 altercation with defendant Drake at any point prior to the March 2015 attack by inmate Roberson.  DSUF at

¶ 6-7. Plaintiff saw the notation on the white board after he was assaulted by inmate Roberson in March 2015, but he does not know how long it remained on the board. DSUF at ¶ 5.

### IV. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### B. Eighth Amendment Failure to Protect

The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825 (1994). Prison officials may be held liable for their deliberate indifference in failing to protect a prisoner from violence at the hands of other inmates. See Collins v. Cnty. of Kern, 390 F.Supp.2d 964, 973 (E.D. Cal. 2005) (citing Farmer, 511 U.S. at 833) ("Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."). To recover under a claim based on deliberate indifference, an inmate must prove the existence of two elements. First, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at

834. Second, the inmate must show that defendants acted with "deliberate indifference" to that risk. Id. Deliberate indifference is shown by proof that a prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he drew the inference. Id. at 837. Evidence showing that the defendant officers acted with negligence or even gross negligence will not suffice to meet this standard; the defendant officials must subjectively know of the risk to plaintiff's safety and consciously disregard that risk. Id. at 835–37.

In the context of a claim based on an officer's failure to protect the plaintiff from other inmates, it is not required that an officer " 'believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault.'" Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (quoting State Bank of St. Charles v. Camic, 712 F.2d 1140, 1146 (7th Cir. 1983)). However, an officer "must have more than a mere suspicion that an attack will occur" before he becomes obligated to take preventative measures. Id.

**V.     Analysis**

There is no evidence before the court that defendant Drake was subjectively aware of the fact that plaintiff was in danger of being attacked by inmate Roberson, a showing that plaintiff must make if his claim is to survive summary judgment. See Farmer, 511 U.S. at 837. Nor is there any evidence that defendant Drake was responsible for placing plaintiff on the escort chain on March 19, 2015 when he was attacked again by inmate Roberson. Plaintiff's speculation that defendant Drake should have known about the keep separate order is not enough to create a genuine issue of material fact necessitating a trial in this matter. At most, the record establishes that defendant Drake was perhaps negligent in failing to review the keep separate orders involving the inmates on the escort chain on March 19, 2015. However, that is not sufficient to establish an Eighth Amendment violation. See Famer v. Brennan, 511 U.S. at 835-36.

Moreover, the court finds that there is no genuine issue of material fact that defendant Drake's actions caused plaintiff's injuries on March 19, 2015. There is no evidence demonstrating that defendant Drake was personally responsible for placing plaintiff on the escort

6

chain with inmate Roberson on that date. Plaintiff's own declaration states that either defendant Drake was part of the escort team or assisted the escort team on that date. ECF No. 31 at 6. He has no memory of who was responsible for placing him on the escort chain with inmate Roberson. Mere presence at the scene of an inmate attack is not sufficient to establish Eight Amendment liability for deliberate indifference to plaintiff's safety. See Haygood v. Younger, 769 F.2d 1350, 1354-55 (9th Cir. 1985) (en banc) (emphasizing that the deliberate indifference standard requires a finding of some degree of "individual culpability"); see also Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986) (affirming summary judgment in favor of defendant prison officials who did not have any reason to believe that plaintiff would be attacked). For all these reasons, the undersigned recommends granting defendant's summary judgment motion on plaintiff's Eighth Amendment failure to protect claim against defendant Drake.

**VI. Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion for summary judgment as well as the evidence submitted by the parties and has concluded that the facts of your case are not sufficiently in dispute to warrant a trial because there is no evidence that defendant Drake knew about the keep separate order or was responsible for placing you on the escort chain with inmate Roberson.

You have fourteen days to explain to the court why this is not the correct outcome in your case. If you choose to do this you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary judgment.

**VII. Conclusion**

The evidence before the court fails to establish that the defendant acted with deliberate indifference to an excessive risk of harm to plaintiff. Accordingly, the court finds it unnecessary to address defendant's additional argument that he is entitled to qualified immunity for his actions. Because plaintiff has failed to offer evidence of a triable issue of fact, defendant's

7

motion for summary judgment should be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 22) be granted; and,
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/barr0682.msj.docx